**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Khari Varner, | Case No. 2:26-cv-00768-GMN-DJA |
| Plaintiff, | |
| v. | **Order** |
| University Medical Center of Southern Nevada, et al., | |
| Defendants. | |

Before the Court is Plaintiff's application to proceed *in forma pauperis* (meaning, to proceed without paying the filing fee). (ECF No. 10). The application is incomplete and not on the correct form. So, the Court denies it without prejudice. Plaintiff's mail has also been returned as undeliverable. (ECF No. 9). The Court will therefore further order Plaintiff to update his address.

**I.       Discussion.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940

(9th Cir. 1981) (citation omitted).  If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*.  *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately").  "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg*., No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016).  Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

Plaintiff's application is not filed on the form provided by the Court.  (ECF No. 10). While the form appears somewhat similar, the formatting of the questions is changed such that the Court cannot determine if Plaintiff has fully answered question 3.  Even if the Court did consider the application, made as it is on the incorrect form, his answer to question 7 is incomplete.  In response to question 7, Plaintiff lists a dependent by their full name, even though the question requires dependents under age 18 to be identified by initials only.  Plaintiff also fails to indicate his relationship with this individual and how much he contributes to their support.  The Court therefore denies Plaintiff's application.

Given these issues, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status.  The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application.  The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions.  Plaintiff also may not leave any questions blank.  Plaintiff must describe each source of money that he receives, state the amount he received, and what he expects to receive in the future.

The Court denies Plaintiff's *in forma pauperis* application without prejudice.  (ECF No. 10).  The Court gives Plaintiff 30 days to file an updated application.  Plaintiff must fully answer

all applicable questions and check all applicable boxes.  Plaintiff may alternatively pay the filing fee in full.  Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 10) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **April 30, 2026,** to file an updated application to proceed *in forma pauperis* on the Court's Long Form application[1] as specified in this order or pay the filing fee.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order.

**IT IS FURTHER ORDERED** that Plaintiff has until **April 30, 2026,** to update his contact information as required by Local Rule IA 3-1.

**IT IS FURTHER ORDERED that failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.**

DATED: March 31, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 239.