**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Khari Varner,

Plaintiff,

v.

University Medical Center of Southern Nevada; et al.,

Defendants.

Case No. 2:26-cv-00768-GMN-DJA

**Order**

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 14). Plaintiff has also filed a complaint.[1] (ECF No. 1). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint does not allege sufficient facts to state a claim upon which relief can be granted, the Court dismisses Plaintiff's complaint without prejudice and with leave to amend.

**I. *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 14). Plaintiff's expenses exceed his income. So, the Court finds that Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

[1] Plaintiff's complaint is titled "amended factual allegations and claims addendum" but it's his initial complaint.

**II. Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the

Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III. Screening Plaintiff's complaint.**

Plaintiff brings this civil rights action against University Medical Center of Southern Nevada ("UMC") and Clark County Department of Family Services ("DFS"). Plaintiff alleges that his children were born at UMC. Plaintiff does not state when his children were born or when the events he describes took place. Plaintiff asserts that when he attempted to see or retrieve the children, hospital personnel denied that the births occurred at the hospital. Instead, staff informed Plaintiff that no records of the births existed. Plaintiff asserts that he was removed from the hospital and denied access to the children. Plaintiff alleges that despite hospital policy requiring a signed infant release form, the children were released to their grandmother. But neither Plaintiff nor the children's mother signed an infant release authorization.

Plaintiff asserts on information and belief that DFS coordinated with hospital staff regarding the release of the children. Plaintiff alleges that a DFS caseworker knowingly inserted or caused to be inserted false allegations of domestic violence into the medical record, presumably the medical record belonging to the child/children. Plaintiff claims that he requested the electronic medical audit trail that identifies who accessed and modified the records. But UMC refused to provide the audit trail despite providing partial medical records. Plaintiff asserts

on information and believe that UMC's failure to provide the audit trail was intended to conceal alterations to the medical record. Plaintiff brings claims for (1) "fabrication of evidence" in violation of the Due Process Clause of the Fourteenth Amendment; (2) interference with familial association; and (3) concealment of evidence.[2]

### *A. Fourteenth Amendment Due Process Clause.*

To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty. *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017); *Costanich v. Department of Social and Health Services*, 627 F.3d 1101, 1110-11 (9th Cir. 2010). To establish the second element of causation, the plaintiff must show that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the "proximate cause" or "legal cause" of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question. *Spencer*, 857 F.3d at 798 (citing *Whitlock v. Brueggemann*, 682 F.3d 567, 582–83 (7th Cir. 2012)). Here, Plaintiff has not alleged sufficient facts to establish a violation of his Fourteenth Amendment Due Process rights based on a fabrication of evidence. As a preliminary matter, Plaintiff does not explain when the events he describes took place. Plaintiff also fails to identify the official who fabricated the allegations of domestic violence or to describe those allegations in any detail. Plaintiff also fails to allege sufficient facts to state that the inclusion of the allegations of domestic violence into the children's medical records was the cause of a deprivation of his rights. So, the Court dismisses this claim without prejudice and with leave to amend.

---

[2] Plaintiff's claims appear to arise under 42 U.S.C. § 1983. The Ninth Circuit has determined that, at least in the context of admitting physicians to its staff, UMC "is through and through a public hospital" and its operation is state action. *Chudacoff v. University Medical Center of Southern Nevada*, 649 F.3d 1143, 1146, 1150 (9th Cir. 2011) ("UMC is a county hospital created by the Clark County Board of Commissioners and supported through public funds"). So, for the purposes of screening, the Court construes UMC as a state actor under § 1983.

***B. Interference with familial association.***

Plaintiff does not identify the right he believes Defendants have violated in bringing this claim. However, the Court can liberally construe Plaintiff's complaint to determine that he is bringing it under the Fourteenth Amendment. The Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1; *Keates v. Koile*, 883 F.3d 1228, 1235–36 (9th Cir. 2018). The Supreme Court has stated that "the interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by this Court." *Troxel v. Granville*, 530 U.S. 57, 65, (2000) (plurality opinion); *see also Santosky v. Kramer*, 455 U.S. 745, 753 (1982) (addressing the "Court's historical recognition that freedom of personal choice in matters of family life is a fundamental liberty interest protected by the Fourteenth Amendment"). Courts have characterized the right to familial association as having both a substantive and a procedural component. While the right is a fundamental liberty interest, *see, e.g.*, *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1079 (9th Cir. 2011); *Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987), *overruled on other grounds by Hodgers–Durgin v. De La Vina*, 199 F.3d 1037 (9th Cir. 1999) (en banc), officials may interfere with the right if they "provide the parents with fundamentally fair procedures," *Santosky*, 455 U.S. at 753–54.

The Fourteenth Amendment provides a guarantee "that parents will not be separated from their children without due process of law except in emergencies." *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1107–09 (9th Cir. 2001). Officials may not remove children from their parents without a court order unless they have "information at the time of the seizure that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury." *Rogers v. County of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007) (internal quotation marks omitted). Such "reasonable cause" arises, for example, where there is evidence of imminent abuse after sufficient investigation. *Keates*, 883 F.3d at 1236-37. Thus "[s]erious allegations of abuse that have been investigated and corroborated" may give rise to a reasonable inference that children "might again be beaten or molested during the time it would take to get a warrant" unless the official takes the children into temporary custody. *Id*. Lack of health

insurance, by contrast, does not provide a reasonable cause to believe a child is in imminent danger. *Id*.

Here, Plaintiff does not allege sufficient facts to state a claim for interference with familial association in violation of the Fourteenth Amendment. Again, Plaintiff does not state when the events he complains about took place. And while Plaintiff asserts that UMC denied him the ability to see his children at the hospital and released the children to their grandmother without his or the mother's signature, he does not assert facts to show that it did so without due process, a court order, or reasonable cause. Plaintiff does allege that DFS caused false allegations of domestic violence to be inserted into the children's medical record, but does not say when DFS did so or what precisely those allegations were. Without this information, the Court cannot determine whether UMC should have known that the allegations were false such that it lacked reasonable cause to keep Plaintiff's children from him. Plaintiff also does not allege sufficient facts against DFS to show that DFS was the entity to prevent Plaintiff from accessing his children. So, the Court dismisses Plaintiff's claim without prejudice and with leave to amend.

***C. Concealment of evidence.***

Plaintiff alleges that Defendants concealed evidence by refusing to turn over the electronic audit trail for his children's medical records. However, Plaintiff has not identified what right he believes that Defendants violated by failing to turn these records over. And the Court cannot determine from Plaintiff's complaint which right he might be asserting. So, the Court dismisses his claim without prejudice and with leave to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 14) is **granted.** Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but not issue summonses.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **dismissed without prejudice and with leave to amend.** Plaintiff shall have until **November 20, 2026,** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: October 21, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE